IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO: 3:26-cv-00175

| | | |
|---|---|---|
| ERIC GARRISON | ) | |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S FIRST** |
| | ) | **AMENDED COMPLAINT** |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| COSTCO WHOLESALE CORPORATION | ) | |
| dba COSTCO CORPORATION aka | ) | |
| COSTCO | ) | |
| Defendants. | ) | |

NOW COMES Plaintiff, by and through the undersigned counsel, and pursuant Rule 15(a)(1)(B) of the Federal Rule of Civil Procedure files this Amended Complaint. Plaintiff alleges and says:

## I.     INTRODUCTION, PARTIES & JURISDICTION

1. This is an action seeking redress, inclusive of damages against Defendants for race discrimination and retaliation in violation of Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. and 42 U.S.C. § 1981 (Section 1981) and violation of North Carolina Public Policy.

2. Plaintiff, Eric Garrison, is an African American male citizen over fifty years of age and a resident of Charlotte, NC.

3. Defendant, Costco Wholesale Corporation doing business as Costco Corporation or Costo, is an American multinational corporation that operates a chain of membership-only big-box warehouse club retail stores.

4. Defendant is a corporation organized under the laws of the State of Washington with its principal place of business at 999 Lake Drive, Issaquah, Washington 98027 and regularly engages in business in this judicial district. Upon information and belief, the registered agent for Costco in North Carolina is CT Corporation System, 160 Mine Lake Ct. Suite 200, Raleigh, North Carolina 27615.

5. At all times alleged herein, Defendant was and continues to be engaged in an industry affecting commerce and is an "employer" within the meaning of Title VII, as it regularly employs over 50 employees.

1

6. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law.

7. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims in this matter.

8. This Court has subject matter and personal jurisdiction over the parties in this Complaint.

## II. FACTS

9. Plaintiff had been employed with Defendant since 2009, working at Defendant's store located at 500 Tyvola Rd. Charlotte, NC 28217.

10. Plaintiff had been promoted a number of times and received numerous pay raises over the course of his tenure with Defendants.

11. Most recently Plaintiff was the Senior Manager of Operations, a role he held for the last 12 years.

12. At all times throughout his tenure with Defendant, Plaintiff performed all of his roles exceptionally and received satisfactory performance reviews with positive comments.

13. In May 2025, Plaintiff began receiving unsolicited pictures from his female coworker.

14. Plaintiff continued to receive the photos in August 2025.

15. Plaintiff via text reported the incident to the general manager, Lindsey Christian, on or about August 15, 2025.

16. Plaintiff's text message to Lindsey was Plaintiff's attempt at reporting the employee for sexual harassment.

17. Lindsey reported the incident to Matt Helms, Plaintiff's direct manager.

18. Lindsey is a white female and Matt is a white male.

19. After reporting the incident, on August 16, 2026, Plaintiff was suspended for five days while the company reviewed the matter.

20. After the five days, Plaintiff was terminated for allegedly violating company policy.

21. Defendants claim in Plaintiff's termination paperwork that he violated standard of ethics for managers and supervisors.

22. Pursuant to company policy, honest, integrity and intent are the cornerstone of Defendant's standard of ethics for managers/supervisors .

2

23. At all times relevant Plaintiff was honest and forthright in reporting of the unwanted behavior.

24. Defendant has been inconsistent in the application of the violations of Defendant's policies and procedures.

25. Defendant has workplace rules around managers and subordinates in romantic relationships.

26. A white male manager, J. A., and white female subordinate, M. A., were in a romantic relationship.

27. The parties never disclosed their relationship to management, other employees reported the relationship to management.

28. Another female manager, M.S., and a white male subordinate, C.P., began a romantic relationship.

29. The parties never disclosed their relationship to management, other employees reported the relationship to management.

30. The company never disciplined the parties or fired them, in fact they continue to work for the company.

31. Helms, Plaintiff's manager, was also the manager for all of these individuals listed.

32. These individuals were never disciplined for these acts or terminated.

33. Defendant's inconsistent application of its policies and procedures is disparate treatment toward Plaintiff due to Plaintiff's race.

34. M. Helms treated Plaintiff differently than the similarly situated white managers.

35. Defendant terminated Plaintiff after he reported the unwanted sexual advances were retaliatory.

36. After his discriminatory treatment of Plaintiff, M. Helms was promoted to general manager for Defendant in another state.

37. Defendant ratified Helms' and Cristian's discriminatory treatment of Plaintiff by upholding the termination and promoting Helms and maintaining Cristian in her role.

38. Defendant has failed to terminate other white similarly situated managers who have been found responsible for harassment against other employees or other actions that violate the company's policies and procedures.

3

39. At all times relevant, Plaintiff was engaged in protected activity.

40. Defendant's actions have harmed Plaintiff financially and emotionally.

### III. CLAIM OF RELIEF: TITLE VII - RACE DISCRIMINATION

41. The preceding paragraphs are re-alleged and incorporated herein by reference.

42. Plaintiff had been treated differently than his white, male counterparts.

43. Defendant had contradictions and unexplained discrepancies in the disciplinary process between Plaintiff and his similarly situated white, male counterpart.

44. Plaintiff had no prior disciplinary actions or suspensions and had received positive performance reviews throughout his tenure.

45. Defendant's reason for Plaintiff's termination is inconsistent with prior precedent set by management and said precedent was ignored as applied to Plaintiff.

46. This pretext served to mask unlawful discrimination in the termination process.

47. As a direct result of Defendant's actions, Plaintiff has suffered damages including economic and emotional distress.

48. Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq* and § 1981.

49. Defendant's actions violated Title VII and as a proximate result of Defendant's wrongful conduct, Plaintiff has suffered lost income, emotional distress, anxiety, humiliation, and expenses, and other damages and entitled to recover compensatory damages, back pay, front pay, reinstatement, attorney's fees and costs.

### IV. CLAIM OF RELIEF: VIOLATION OF PUBLIC POLICY: WRONGFUL TERMINATION IN VIOLATION OF THE NORTH CAROLINA EQUAL EMPLOYMENT PRACTICES ACT (NCEEPA)

50. The allegations contained in the foregoing paragraphs are incorporated by reference herein.

51. The public policy of the State of North Carolina, as set forth in N.C.G.S. § 143-422.1, North Carolina's Equal Employment Practices Act (NCEEPA), prohibits employers from discriminating against employees on the basis of their race or sex. More specifically, the public policy of North Carolina, as set forth by the North Carolina Equal Employment Practices Act (N.C.G.S. § 143-422.2), mandates that employers of fifteen (15) or more

employees shall not discriminate on the basis of race, religion, color, national origin, age, sex or disability.

52. Upon information and belief at the time of the adverse action, Defendant employed 15 or more employees.

53. Plaintiff had a right to his employment and to not be treated differently than other employees based on his race.

54. Plaintiff was treated differently because of his race than his white co-workers.

55. Defendant discriminated against Plaintiff on account of his race in violation of the public policies expressed in NCEEPA and treated him differently and worse than his white coworkers and said discrimination included his termination.

56. Defendant wrongfully terminated Plaintiff's employment.

57. Plaintiff's wrongful termination by Defendant, through their managers, was causally linked to Plaintiff's engagement in said protected activities.

58. Plaintiff's wrongful termination by Defendant, through their managers, was causally linked to Defendant's discrimination against Plaintiff on account of her race.

59. The termination of Plaintiff from his employment was based on race discrimination and was thereby a violation of public policy, pursuant to N.C. Gen. Stat. §143-422.2 et seq.

60. Such conduct as exhibited by Defendant as set out above and incorporated herein by reference, constitutes wrongful discharge from employment in violation of public policy. Moreover, Plaintiff was forced out of his job as a result of wrongful termination. That the termination of Plaintiff from his employment was based on racial discrimination pursuant to N.C. Gen. Stat. 143-422.2 et. seq., and was thereby a violation of public policy.

61. As a proximate result of the Defendant's violation of the public policy of North Carolina, as against Plaintiff, and that by reason of wrongful discharge from employment in violation of public policy, Plaintiff has incurred and suffered substantial actual damages, including lost income (past and future) and benefits and other economic losses, past and future mental anguish and emotional distress, whereby Plaintiff's distress has resulted in both emotional and physical problems, including but not limited to generalized anxiety and depressive episodes, plaintiff's enjoyment of life was impacted negatively, employment reputation and other losses to be proven at trial in *excess* of $25,000, together in interest thereon at the prevailing rate.

## V.      CLAIM OF RELIEF: VIOLATION OF 42 U.S.C. § 1981

62. The foregoing paragraphs are re-alleged and incorporated herein by reference.

63. Plaintiff's employment constituted a contractual relationship protected by 42 U.S.C. 1981.

64. During Plaintiff's employment, Defendant, through its managers, subjected Plaintiff to disparate treatment because of Plaintiff's race.

65. Specifically, Defendant treated similarly situated employees of a difference race more favorably than Plaintiff.

66. Defendant subjected Plaintiff to one or more of the following adverse employment actions: unequal discipline; discriminatory treatment; termination of employment.

67. But for Plaintiff's race, he would not have been treated differently or terminated.

68. Defendant interfered with Plaintiff's right to make, perform, modify and enforce the employment contract on equal terms.

69. Defendant's conduct impaired Plaintiff's contractual employment rights in violation of 42 U.S.C. 1981.

70. Defendant's actions were willful and in reckless disregard of Plaintiff's federally protected rights.

71. As a proximate result of the Defendant's violations 42 U.S.C. 1981, as against Plaintiff, and that by reason of wrongful discharge from employment in violation of public policy, Plaintiff has incurred and suffered substantial actual damages, including lost income (past and future) and benefits and other economic losses, past and future mental anguish and emotional distress, whereby Plaintiff's distress has resulted in both emotional and physical problems, including but not limited to generalized anxiety and depressive episodes, plaintiff's enjoyment of life was impacted negatively, employment reputation and other losses to be proven at trial in *excess* of $25,000, together in interest thereon at the prevailing rate.

## VI.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

72. In accordance with all applicable regulations, Plaintiff filed two charges  with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 433-2025-00836, dated October 10, 2025 and the EEOC issued a Notice of Right-To-Sue on December 10, 2025 (Exhibit A). Plaintiff is filing this action within ninety (90) days of receiving the Notice of Right-To-Sue. Plaintiff has complied with all jurisdictional requirements and has exhausted administrative pre-requisites before initiating this action.

**PRAYER FOR RELIEF**

Wherefore, the Plaintiff respectfully requests that this Court grant the following relief:

1. Lost wages, salary, employment benefits and other compensation that was lost due to Defendant's actions in violation of Title VII, 42 U.S.C. § 2000e *et seq*. and Violation of 42 U.S.C. § 1981.

2. Lost wages, salary, employment benefits and other compensation that was lost due to Defendants' discriminatory actions and violation of public policy.

3. A judgment in favor of Plaintiff and against Defendant for the emotional distress, pain and suffering caused by Defendant's retaliation against Plaintiff.

4. Award plaintiff back pay and front pay and any other compensatory damages suffered by Plaintiff which were caused by Defendant's actions as alleged herein.

5. Award Plaintiff punitive damages as provided by federal law for Defendant's actions alleged herein.

6. The Court award Plaintiff an award for costs and reasonable attorney's fees and other litigation expenses pursuant to § 706(k) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k).

7. The Court award Plaintiff an award for costs and reasonable attorney's fees and other litigation expenses pursuant to 42 U.S.C. § 1988.

8. Trial by jury.

9. The Court order such other and further relief as it may deem just and proper.

This the __19__ day of May 2026.

/s/Lawrence D. Wooden
Lawrence Wooden
HW Legal Group
NC Bar #:47199
10130 Mallard Creek Rd. Ste. 300
Charlotte, North Carolina 28262
Telephone:  704-665-5838
Facsimile:   704-973-9380
Email: lawrence@hwlegalgroup.com
*Attorney for the Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO: 3:26-cv-00175

ERIC GARRISON )
)
Plaintiff, )          **CERTIFICATE OF SERVICE**
)
v. )
)
)
COSTCO WHOLESALE CORPORATION )
dba COSTCO CORPORATION aka )
COSTCO )
Defendants. )

The undersigned does hereby certify that the foregoing was served in this action via the Clerk of Court ECF filing to all Counsel at the address below:

Victoria S. Talbert
North Carolina State Bar No. 32945
SEYFARTH SHAW LLP
300 South Tryon Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (704) 925-6042
Facsimile: (704) 559-2457
vtolbert@seyfarth.com

Andrew M. McKinley, GA Bar No. 122069*
amckinley@seyfarth.com
Natalie A. Costero, GA Bar No. 911778*
ncostero@seyfarth.com
*Admitted Pro Hac Vice
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
Attorneys for Defendant
Costco Wholesale Corporation

This the   19   day of May 2026.

/s/Lawrence D. Wooden

8