IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:26-CV-00175-MOC-DCK

| | |
|---|---|
| ERIC GARRISON,<br><br>         Plaintiff,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>         Defendants. | **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant Costco Wholesale Corporation, by and through its undersigned counsel, hereby files its Answer to Plaintiff Eric Garrison's First Amended Complaint. To the extent any allegation is not specifically admitted below, it is denied.

## I.     <u>INTRODUCTION, PARTIES & JURISDICTION</u>

<u>**COMPLAINT ¶ 1:**</u>

This is an action seeking redress, inclusive of damages against Defendants for race discrimination and retaliation in violation of Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981 (Section 1981) and violation of North Carolina Public Policy.

<u>**ANSWER:**</u>

Defendant admits that Plaintiff's Complaint, by virtue of its individual Counts, purport to assert claims concerning (1) alleged race discrimination under Title VII and Section 1981; and (2) an alleged violation of the North Carolina Equal Employment Practices Act. Defendant denies, however, that those claims have any merit and denies Paragraph 1 in all remaining respects.

<u>**COMPLAINT ¶ 2:**</u>

Plaintiff, Eric Garrison, is an African American male citizen over fifty years of age and a resident of Charlotte, NC.

**ANSWER:**

Defendant admits that Plaintiff is a male. Defendant is without personal knowledge sufficient to admit or deny the remaining allegations in Paragraph 2, and it therefore denies the same.

**COMPLAINT ¶ 3:**

Defendant, Costco Wholesale Corporation doing business as Costco Corporation or Costo, is an American multinational corporation that operates a chain of membership-only big-box warehouse club retail stores.

**ANSWER:**

Defendant admits that it is an American multinational corporation operating a chain of membership-only big-box warehouse club retail stores. Defendant denies any remaining allegations in Paragraph 3.

**COMPLAINT ¶ 4:**

Defendant is a corporation organized under the laws of the State of Washington with its principal place of business at 999 Lake Drive, Issaquah, Washington 98027 and regularly engages in business in this judicial district. Upon information and belief, the registered agent for Costco in North Carolina is CT Corporation System, 160 Mine Lake Ct. Suite 200, Raleigh, North Carolina 27615.

**ANSWER:**

Defendant admits the allegations in Paragraph 4.

**COMPLAINT ¶ 5:**

At all times alleged herein, Defendant was and continues to be engaged in an industry affecting commerce and is an "employer" within the meaning of Title VII, as it regularly employs over 50 employees.

**ANSWER:**

Defendant states that Paragraph 5 constitutes a legal conclusion, to which no response is required.

**COMPLAINT ¶ 6:**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law.

**ANSWER:**

Defendant states that Paragraph 6 constitutes a legal conclusion, to which no response is required.

**COMPLAINT ¶ 7:**

This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims in this matter.

**ANSWER:**

Defendant states that Paragraph 7 constitutes a legal conclusion, to which no response is required.

**COMPLAINT ¶ 8:**

This Court has subject matter and personal jurisdiction over the parties in this Complaint.

**ANSWER:**

Defendant states that Paragraph 8 constitutes a legal conclusion, to which no response is required.

## II.     FACTS

**COMPLAINT ¶ 9:**

Plaintiff had been employed with Defendant since 2009, working at Defendant's store located at 500 Tyvola Rd. Charlotte, NC 28217.

**ANSWER:**

Defendant admits that Plaintiff was hired by Defendant on or around June 30, 2009, and that he worked for Defendant for a period of time at the warehouse located at 500 Tyvola Rd., Charlotte, NC 28217. Defendant denies the remaining allegations in Paragraph 9.

Case 3:26-cv-00175-MOC-DCK     Document 11     Filed 06/02/26     Page 3 of 22

**COMPLAINT ¶ 10:**

Plaintiff had been promoted a number of times and received numerous pay raises over the course of his tenure with Defendants.

**ANSWER:**

Defendant admits that Plaintiff has been promoted and received pay raises multiple times while employed by Defendant. Defendant denies any remaining allegations in Paragraph 10.

**COMPLAINT ¶ 11:**

Most recently Plaintiff was the Senior Manager of Operations, a role he held for the last 12 years.

**ANSWER:**

Defendant denies the allegations in Paragraph 11.

**COMPLAINT ¶ 12:**

At all times throughout his tenure with Defendant, Plaintiff performed all of his roles exceptionally and received satisfactory performance reviews with positive comments.

**ANSWER:**

Defendant denies the allegations in Paragraph 12.

**COMPLAINT ¶ 13:**

In May 2025, Plaintiff began receiving unsolicited pictures from his female coworker.

**ANSWER:**

Defendant denies the allegations in Paragraph 13.

**COMPLAINT ¶ 14:**

Plaintiff continued to receive the photos in August 2025.

**ANSWER:**

Defendant states that Paragraph 14 is vague, ambiguous, and unintelligible, insofar as it is unclear what is referenced by "the photos," and it therefore denies the Paragraph for that reason.

To the extent Plaintiff is claiming that he received pictures from a female coworker through August 2025 that were "unsolicited," Defendant expressly denies that allegation.

**COMPLAINT ¶ 15:**

Plaintiff via text reported the incident to the general manager, Lindsey Christian, on or about August 15, 2025.

**ANSWER:**

Defendant denies the allegations in Paragraph 15.

**COMPLAINT ¶ 16:**

Plaintiff's text message to Lindsey was Plaintiff's attempt at reporting the employee for sexual harassment.

**ANSWER:**

Defendant denies the allegations in Paragraph 16.

**COMPLAINT ¶ 17:**

Lindsey reported the incident to Matt Helms, Plaintiff's direct manager.

**ANSWER:**

Defendant states that the reference to "the incident," is vague, ambiguous, and unintelligible, insofar as it is unclear what is being referenced, and Defendant denies Paragraph 17 for that reason.

**COMPLAINT ¶ 18:**

Lindsey is a white female and Matt is a white male.

**ANSWER:**

Defendant admits that Lindsey Christian is a white female, and that Matt Helms is a white male.

**COMPLAINT ¶ 19:**

After reporting the incident, on August 16, 2026, Plaintiff was suspended for five days while the company reviewed the matter.

**ANSWER:**

Defendant denies the allegations in Paragraph 19.

**COMPLAINT ¶ 20:**

After the five days, Plaintiff was terminated for allegedly violating company policy.

**ANSWER:**

Defendant states that the phrase "after the five days," is vague, ambiguous, and unintelligible in the context of the Paragraph, and it is therefore denied to that extent. Costco admits that Plaintiff was terminated for violating Costco policies, following a five-day suspension pending review of his continued employment. Defendant denies any remaining allegations in Paragraph 20.

**COMPLAINT ¶ 21:**

Defendants claim in Plaintiff's termination paperwork that he violated standard of ethics for managers and supervisors.

**ANSWER:**

Defendant states that Paragraph 21 is vague, ambiguous, and unintelligible, insofar as it is unclear what Plaintiff is referencing by "termination paperwork" and who is referenced by "Defendants," and it therefore denies the Paragraph to that extent. Defendant admits that certain documentation concerning his termination reflects that Plaintiff was terminated for multiple policy violations, one of which was his violation of the Standard of Ethics – Managers/Supervisors. Costco denies any remaining allegations in Paragraph 21.

**COMPLAINT ¶ 22:**

Pursuant to company policy, honest, integrity and intent are the cornerstone of Defendant's standard of ethics for managers/supervisors .

**ANSWER:**

Defendant states that Paragraph 22 is vague, ambiguous, and unintelligible, insofar as it is unclear what is meant by "intent" being a "cornerstone," and it therefore denies the Paragraph to

that extent. Defendant admits that the Standard of Ethics – Managers/Supervisors states, among

other things, as follows:

> In accepting a position of management, you must be committed to and demonstrate a role of honesty and forthrightness. Any time there is the slightest doubt about an activity that could be questioned regarding honesty, integrity, or intent, you must discuss it with your Manager or Regional Vice President to remove any doubt.

Defendant denies any remaining allegations in Paragraph 22.

**COMPLAINT ¶ 23:**

At all times relevant Plaintiff was honest and forthright in reporting of the unwanted behavior.

**ANSWER:**

Defendant denies the allegations in Paragraph 23.

**COMPLAINT ¶ 24:**

Defendant has been inconsistent in the application of the violations of Defendant's policies and procedures.

**ANSWER:**

Defendant denies the allegations in Paragraph 24.

**COMPLAINT ¶ 25:**

Defendant has workplace rules around managers and subordinates in romantic relationships.

**ANSWER:**

Defendant admits that it has policies that may be implicated when a manager and a

subordinate are in a romantic relationship. Defendant states that the phrase "workplace rules" is

vague, ambiguous, and unintelligible, and thus denies any remaining allegations in Paragraph 25.

**COMPLAINT ¶ 26:**

A white male manager, J. A., and white female subordinate, M. A., were in a romantic relationship.

**ANSWER:**

Defendant states that Paragraph 26 is vague, ambiguous, and unintelligible, insofar as it is unclear who is meant by "J.A." or "M.A.," and it therefore denies the Paragraph for that reason.

**COMPLAINT ¶ 27:**

The parties never disclosed their relationship to management, other employees reported the relationship to management.

**ANSWER:**

Defendant states that Paragraph 27 is vague, ambiguous, and unintelligible, insofar as it is unclear what is meant by "the parties" or "the relationship," and it therefore denies the Paragraph for that reason.

**COMPLAINT ¶ 28:**

Another female manager, M.S., and a white male subordinate, C.P., began a romantic relationship.

**ANSWER:**

Defendant states that Paragraph 28 is vague, ambiguous, and unintelligible, insofar as it is unclear who is meant by "M.S." or "C.P.," and it therefore denies the Paragraph for that reason.

**COMPLAINT ¶ 29:**

The parties never disclosed their relationship to management, other employees reported the relationship to management.

**ANSWER:**

Defendant states that Paragraph 29 is vague, ambiguous, and unintelligible, insofar as it is unclear what is meant by "the parties" or "the relationship," and it therefore denies the Paragraph for that reason.

**COMPLAINT ¶ 30:**

The company never disciplined the parties or fired them, in fact they continue to work for the company.

**ANSWER:**

Defendant states that Paragraph 30 is vague, ambiguous, and unintelligible, insofar as it is unclear what is meant by "the parties," and it therefore denies the Paragraph for that reason.

**COMPLAINT ¶ 31:**

Helms, Plaintiff's manager, was also the manager for all of these individuals listed.

**ANSWER:**

Defendant states that Paragraph 31 is vague, ambiguous, and unintelligible, insofar as it is unclear what is meant by "these individuals," and it therefore denies the Paragraph for that reason.

**COMPLAINT ¶ 32:**

These individuals were never disciplined for these acts or terminated.

**ANSWER:**

Defendant states that Paragraph 32 is vague, ambiguous, and unintelligible, insofar as it is unclear what is meant by "these individuals," and it therefore denies the Paragraph for that reason.

**COMPLAINT ¶ 33:**

Defendant's inconsistent application of its policies and procedures is disparate treatment toward Plaintiff due to Plaintiff's race.

**ANSWER:**

Defendant denies the allegations in Paragraph 33.

**COMPLAINT ¶ 34:**

M. Helms treated Plaintiff differently than the similarly situated white managers.

**ANSWER:**

Defendant denies the allegations in Paragraph 34.

**COMPLAINT ¶ 35:**

Defendant terminated Plaintiff after he reported the unwanted sexual advances were retaliatory.

**ANSWER:**

Defendant denies the allegations in Paragraph 35.

**COMPLAINT ¶ 36:**

After his discriminatory treatment of Plaintiff, M. Helms was promoted to general manager for Defendant in another state.

**ANSWER:**

Defendant denies that Plaintiff experienced discriminatory treatment, and it therefore denies Paragraph 36. Defendant admits, however, that Matt Helms was promoted to a General Manager position in Georgia at some point after Plaintiff's termination.

**COMPLAINT ¶ 37:**

Defendant ratified Helms' and Cristian's discriminatory treatment of Plaintiff by upholding the termination and promoting Helms and maintaining Cristian in her role.

**ANSWER:**

Defendant denies the allegations in Paragraph 37.

**COMPLAINT ¶ 38:**

Defendant has failed to terminate other white similarly situated managers who have been found responsible for harassment against other employees or other actions that violate the company's policies and procedures.

**ANSWER:**

Defendant denies the allegations in Paragraph 38.

**COMPLAINT ¶ 39:**

At all times relevant, Plaintiff was engaged in protected activity.

**ANSWER:**

Defendant denies the allegations in Paragraph 39.

**COMPLAINT ¶ 40:**

Defendant's actions have harmed Plaintiff financially and emotionally.

**ANSWER:**

Defendant denies the allegations in Paragraph 40.

### III. CLAIM OF RELIEF: TITLE VII - RACE DISCRIMINATION

**COMPLAINT ¶ 41:**

The preceding paragraphs are re-alleged and incorporated herein by reference.

**ANSWER:**

Defendant incorporates it responses to the preceding paragraphs.

**COMPLAINT ¶ 42:**

Plaintiff had been treated differently than his white, male counterparts.

**ANSWER:**

Defendant denies the allegations in Paragraph 42.

**COMPLAINT ¶ 43:**

Defendant had contradictions and unexplained discrepancies in the disciplinary process between Plaintiff and his similarly situated white, male counterpart.

**ANSWER:**

Defendant denies the allegations in Paragraph 43.

**COMPLAINT ¶ 44:**

Plaintiff had no prior disciplinary actions or suspensions and had received positive performance reviews throughout his tenure.

**ANSWER:**

Defendant denies the allegations in Paragraph 44.

**COMPLAINT ¶ 45:**

Defendant's reason for Plaintiff's termination is inconsistent with prior precedent set by management and said precedent was ignored as applied to Plaintiff.

**ANSWER:**

Defendant denies the allegations in Paragraph 45.

**COMPLAINT ¶ 46:**

This pretext served to mask unlawful discrimination in the termination process.

**ANSWER:**

Defendant denies the allegations in Paragraph 46.

**COMPLAINT ¶ 47:**

As a direct result of Defendant's actions, Plaintiff has suffered damages including economic and emotional distress.

**ANSWER:**

Defendant denies the allegations in Paragraph 47.

**COMPLAINT ¶ 48:**

Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq* and § 1981.

**ANSWER:**

Defendant denies the allegations in Paragraph 48.

**COMPLAINT ¶ 49:**

Defendant's actions violated Title VII and as a proximate result of Defendant's wrongful conduct, Plaintiff has suffered lost income, emotional distress, anxiety, humiliation, and expenses, and other damages and entitled to recover compensatory damages, back pay, front pay, reinstatement, attorney's fees and costs.

**ANSWER:**

Defendant denies the allegations in Paragraph 49.

### IV.  CLAIM OF RELIEF: VIOLATION OF PUBLIC POLICY: WRONGFUL TERMINATION IN VIOLATION OF THE NORTH CAROLINA EQUAL EMPLOYMENT PRACTICES ACT (NCEEPA)

**COMPLAINT ¶ 50:**

The allegations contained in the foregoing paragraphs are incorporated by reference herein.

**ANSWER:**

Defendant incorporates it responses to the preceding paragraphs.

<u>**COMPLAINT ¶ 51:**</u>

The public policy of the State of North Carolina, as set forth in N.C.G.S. § 143-422.1, North Carolina's Equal Employment Practices Act (NCEEPA), prohibits employers from discriminating against employees on the basis of their race or sex. More specifically, the public policy of North Carolina, as set forth by the North Carolina Equal Employment Practices Act (N.C.G.S. § 143-422.2), mandates that employers of fifteen (15) or more employees shall not discriminate on the basis of race, religion, color, national origin, age, sex or disability.

<u>**ANSWER:**</u>

Defendant states that Paragraph 51 constitutes a legal conclusion, to which no response is required.

<u>**COMPLAINT ¶ 52:**</u>

Upon information and belief at the time of the adverse action, Defendant employed 15 or more employees.

<u>**ANSWER:**</u>

Defendant states that Paragraph 52 is vague, ambiguous, and unintelligible, as it is unclear what is referenced by "the adverse action," and it therefore denies the Paragraph for that reason.

<u>**COMPLAINT ¶ 53:**</u>

Plaintiff had a right to his employment and to not be treated differently than other employees based on his race.

<u>**ANSWER:**</u>

Defendant states that Paragraph 53 is a legal conclusion, to which no response is required. Defendant expressly denies, however, that Plaintiff was treated differently on the basis of his race.

<u>**COMPLAINT ¶ 54:**</u>

Plaintiff was treated differently because of his race than his white co-workers.

<u>**ANSWER:**</u>

Defendant denies the allegations in Paragraph 54.

**COMPLAINT ¶ 55:**

Defendant discriminated against Plaintiff on account of his race in violation of the public policies expressed in NCEEPA and treated him differently and worse than his white coworkers and said discrimination included his termination.

**ANSWER:**

Defendant denies the allegations in Paragraph 55.

**COMPLAINT ¶ 56:**

Defendant wrongfully terminated Plaintiff's employment.

**ANSWER:**

Defendant denies the allegations in Paragraph 56.

**COMPLAINT ¶ 57:**

Plaintiff's wrongful termination by Defendant, through their managers, was causally linked to Plaintiff's engagement in said protected activities.

**ANSWER:**

Defendant denies the allegations in Paragraph 57.

**COMPLAINT ¶ 58:**

Plaintiff's wrongful termination by Defendant, through their managers, was causally linked to Defendant's discrimination against Plaintiff on account of her race.

**ANSWER:**

Defendant denies the allegations in Paragraph 58.

**COMPLAINT ¶ 59:**

The termination of Plaintiff from his employment was based on race discrimination and was thereby a violation of public policy, pursuant to N.C. Gen. Stat. §143-422.2 et seq.

**ANSWER:**

Defendant denies the allegations in Paragraph 59.

**COMPLAINT ¶ 60:**

Such conduct as exhibited by Defendant as set out above and incorporated herein by reference, constitutes wrongful discharge from employment in violation of public policy.

Moreover, Plaintiff was forced out of his job as a result of wrongful termination. That the termination of Plaintiff from his employment was based on racial discrimination pursuant to N.C. Gen. Stat. 143-422.2 et. seq., and was thereby a violation of public policy.

**ANSWER:**

Defendant denies the allegations in Paragraph 60.

**COMPLAINT ¶ 61:**

As a proximate result of the Defendant's violation of the public policy of North Carolina, as against Plaintiff, and that by reason of wrongful discharge from employment in violation of public policy, Plaintiff has incurred and suffered substantial actual damages, including lost income (past and future) and benefits and other economic losses, past and future mental anguish and emotional distress, whereby Plaintiff's distress has resulted in both emotional and physical problems, including but not limited to generalized anxiety and depressive episodes, plaintiff's enjoyment of life was impacted negatively, employment reputation and other losses to be proven at trial in *excess* of $25,000, together in interest thereon at the prevailing rate.

**ANSWER:**

Defendant denies the allegations in Paragraph 61.

## V.  CLAIM OF RELIEF: VIOLATION OF 42 U.S.C. § 1981

**COMPLAINT ¶ 62:**

The foregoing paragraphs are re-alleged and incorporated herein by reference.

**ANSWER:**

Defendant incorporates it responses to the preceding paragraphs.

**COMPLAINT ¶ 63:**

Plaintiff's employment constituted a contractual relationship protected by 42 U.S.C. 1981.

**ANSWER:**

Defendant states that Paragraph 63 constitutes a legal conclusion, to which no response is

required.

**COMPLAINT ¶ 64:**

During Plaintiff's employment, Defendant, through its managers, subjected Plaintiff to disparate treatment because of Plaintiff's race.

**ANSWER:**

Defendant denies the allegations in Paragraph 64.

**COMPLAINT ¶ 65:**

Specifically, Defendant treated similarly situated employees of a difference [sic] race more favorably than Plaintiff.

**ANSWER:**

Defendant denies the allegations in Paragraph 65.

**COMPLAINT ¶ 66:**

Defendant subjected Plaintiff to one or more of the following adverse employment actions: unequal discipline; discriminatory treatment; termination of employment.

**ANSWER:**

Defendant admits that Plaintiff was terminated. Defendant denies any remaining allegations in Paragraph 66.

**COMPLAINT ¶ 67:**

But for Plaintiff's race, he would not have been treated differently or terminated.

**ANSWER:**

Defendant denies the allegations in Paragraph 67.

**COMPLAINT ¶ 68:**

Defendant interfered with Plaintiff's right to make, perform, modify and enforce the employment contract on equal terms.

**ANSWER:**

Defendant denies the allegations in Paragraph 68.

**COMPLAINT ¶ 69:**

Defendant's conduct impaired Plaintiff's contractual employment rights in violation of 42 U.S.C. 1981.

**ANSWER:**

Defendant denies the allegations in Paragraph 69.

**COMPLAINT ¶ 70:**

Defendant's actions were willful and in reckless disregard of Plaintiff's federally protected rights.

**ANSWER:**

Defendant denies the allegations in Paragraph 70.

**COMPLAINT ¶ 71:**

As a proximate result of the Defendant's violations 42 U.S.C. 1981, as against Plaintiff, and that by reason of wrongful discharge from employment in violation of public policy, Plaintiff has incurred and suffered substantial actual damages, including lost income (past and future) and benefits and other economic losses, past and future mental anguish and emotional distress, whereby Plaintiff's distress has resulted in both emotional and physical problems, including but not limited to generalized anxiety and depressive episodes, plaintiff's enjoyment of life was impacted negatively, employment reputation and other losses to be proven at trial in *excess* of $25,000, together in interest thereon at the prevailing rate.

**ANSWER:**

Defendant denies the allegations in Paragraph 71.

## VI.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

**COMPLAINT ¶ 72:**

In accordance with all applicable regulations, Plaintiff filed two charges with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 433-2025-00836, dated October 10, 2025 and the EEOC issued a Notice of Right-To-Sue on December 10, 2025 (Exhibit A). Plaintiff is filing this action within ninety (90) days of receiving the Notice of Right-To-Sue. Plaintiff has complied with all jurisdictional requirements and has exhausted administrative pre-requisites before initiating this action.

**ANSWER:**

Defendant objects to Paragraph 72 as vague, ambiguous, and unintelligible, insofar as it references "two charges" but cites a charge number for only one, and it therefore denies the Paragraph.

## PLAINTIFF'S PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this Court grant the following relief:

1. Lost wages, salary, employment benefits and other compensation that was lost due to Defendant's actions in violation of Title VII, 42 U.S.C. § 2000e *et seq.* and Violation of 42 U.S.C. § 1981.

2. Lost wages, salary, employment benefits and other compensation that was lost due to Defendants' discriminatory actions and violation of public policy.

3. A judgment in favor of Plaintiff and against Defendant for the emotional distress, pain and suffering caused by Defendant's retaliation against Plaintiff.

4. Award plaintiff back pay and front pay and any other compensatory damages suffered by Plaintiff which were caused by Defendant's actions as alleged herein.

5. Award Plaintiff punitive damages as provided by federal law for Defendant's actions alleged herein.

6. The Court award Plaintiff an award for costs and reasonable attorney's fees and other litigation expenses pursuant to § 706(k) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k).

7. The Court award Plaintiff an award for costs and reasonable attorney's fees and other litigation expenses pursuant to 42 U.S.C. § 1988.

8. Trial by jury.

9. The Court order such other and further relief as it may deem just and proper.

## ANSWER:

Defendant denies any factual allegations complained in Plaintiff's unnumbered Prayer for Relief, and it further denies that Plaintiff has any viable claim or is entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant denies each and every allegation not expressly admitted above and alleges the following affirmative and other defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. Defendant reserves the right to please any additional affirmative defenses as they become known during the pendency of this action. While reserving the right to assert additional defenses as may appear applicable during the course of this litigation, Defendant further identifies the following affirmative and other defenses:

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND DEFENSE

To the extent Plaintiff's claims are based on alleged acts or omissions that occurred prior to any applicable limitations period, Plaintiff's claims are time-barred and/or inadequately exhausted.

## THIRD DEFENSE

Plaintiff's claims are barred to the extent he failed to exhaust his administrative remedies and/or failed to comply with any procedural prerequisites prior to bringing his claims or any portion thereof, including by failing to timely file a charge concerning such matters and/or failing to receive a right to sue notice that was sufficient for the instant claims, and otherwise failing to meet the procedural prerequisites and administrative determinations prior to filing suit.

## FOURTH DEFENSE

Plaintiff is not entitled to punitive damages, including because Costco made good faith efforts to comply with applicable law.

## FIFTH DEFENSE

Plaintiff's claims are barred to the extent he failed to mitigate his alleged damages.

## SIXTH DEFENSE

Even if a discriminatory motive played a role in any employment action at issue (which Costco expressly denies), Costco would have taken the same action even in the absence of such motive.

**SEVENTH DEFENSE**

Costco's actions at all times occurred for legitimate, nondiscriminatory, and nonretaliatory reasons.

**EIGHTH DEFENSE**

Plaintiff's claims are barred to the extent the doctrines of waiver, estoppel, laches, unclean hands, and/or after-acquired evidence apply.

**NINTH DEFENSE**

Costco is entitled to a credit, setoff, and/or offset for amounts paid to Plaintiff.

**TENTH DEFENSE**

To the extent Plaintiff alleges that any employee of Costco acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not authorized or condoned by Costco, and was undertaken without the knowledge or consent of Costco. Thus, Costco is not liable for any such conduct, if it occurred.

**CONCLUSION**

WHEREFORE, Defendant respectfully requests that the Court dismiss with prejudice Plaintiff's First Amended Complaint in its entirety and award Defendant its reasonable attorneys' fees, costs, expenses, and any and all other relief the Court deems just and proper.

DATED:  June 2, 2026                              Respectfully submitted,

By:   */s/ Andrew M. McKinley*

Andrew M. Mckinley, (admitted *pro hac vice*)
amckinley@seyfarth.com
Natalie A. Costero (admitted *pro hac vice*)
ncostero@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Victoria S. Tolbert, Bar No. 32945
vtolbert@seyfarth.com
SEYFARTH SHAW LLP
300 S. Tryon Street, Suite 400
Charlotte, North Carolina  28202
Telephone:  (704) 925-6062
Facsimile:  (704) 559-2457

*Attorneys for Defendant*
*Costco Wholesale Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:26-CV-00175-MOC-DCK

ERIC GARRISON,

      Plaintiff,

   v.

COSTCO WHOLESALE CORPORATION,

      Defendant.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 2, 2026, I caused the foregoing document to be filed electronically with the Clerk of the Court via the CM/ECF system, send electronic notification of such filing upon all counsel of record, including:

Lawrence D. Wooden
North Carolina Bar No. 47199
HW Legal Group
10130 Mallard Creek Road, Suite 300
Charlotte, NC 28262
Email: lawrence@hwlegalgroup.com
*Attorney for Plaintiff*

*/s/ Andrew M. McKinley*

Andrew M. McKinley
Attorney For Defendant